IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEVON BAY, JOHN BURKS,
DANIEL ESPINOSA, CRAIG
FITZGERALD, JOEL MASON,
and DAVID RICE,

      Plaintiffs,

vs.                                         Civ. No. 21-885 KWR/SCY

TIM KELLER, SARITA NAIR,
HAROLD MEDINA, ARTURO
SANCHEZ, ALBERT SANDOVAL,
KELSEY LUECKENHOFF, MICHAEL
LUNA, ROBERT STOCKTON, JOSH
ROGERS, ANA BRUCIAGA, HECTOR
GUERRERO, JAMES EDISON, ADAM
GOLSON, LORI GRUBE, RANDELL
KIMMINAU, SOPHIA RIDER, SEAN
ROTH, ARNIEL SAMPANG, TOMAS
URIOSTE, UNKNOWN APD LAW
ENFORCEMENT AGENTS, and the
CITY OF ALBUQUERQUE,

      Defendants.

## ORDER GRANTING MOTION TO STAY

Plaintiffs, members of the New Mexico Civil Guard, allege that during a protest they were targeted by police and city officials and were illegally arrested and detained. *See generally* Doc. 22 (Amended Complaint). They bring this suit against the various defendants for Fourth, Fifth, and Fourteenth Amendment violations, municipal liable, and state tort claims. *Id.* The individual Defendants[1] filed a motion for summary judgment asserting, in part, they are entitled to qualified immunity on Plaintiffs' Fourth, Fifth, and Fourteenth Amendment claims. Doc. 27.

---

[1] This group does not include Defendants James Edison and Sophia Rider because Defendants assert they have not been served.

At the same time, Defendants filed a Motion to Stay Discovery, which is fully briefed and ready for a decision. *See* Doc. 29, 31, 36.

The individual Defendants move to stay all discovery as to all claims and all defendants on the ground that they have raised the defense of qualified immunity. Doc. 29. Plaintiffs oppose the requested stay, arguing that the qualified immunity defense only applies to one of their claims; the two other claims (municipal liability and claims under the New Mexico Tort Claims Act) relate to the same events such that they are entitled to discovery on the other claims regardless of the outcome of the qualified immunity motion.

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"). Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and

>resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009). Even though Plaintiffs assert claims not subject to the defense of qualified immunity, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, all discovery should be stayed until qualified immunity is resolved.

This stay, however, may not be absolute. The Court recognizes that "when qualified immunity is raised as a defense, there is a narrow right to discovery limited to the issue of qualified immunity." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994). Such discovery, however, "must be tailored specifically to the immunity question." *Id.* (quoting *Workman*, 958 F.2d at 336). To that end, Plaintiffs request limited discovery necessary to respond to the pending qualified immunity motion. Doc. 31 at 5. Plaintiffs' request for limited discovery is also pending before the presiding judge, as they filed a Rule 56(d) request in response to the motion for summary judgment. Docs. 33, 33-15. In order to avoid a potential conflict, the Court will not address this request and will defer to the presiding judge regarding whether any limited discovery should be allowed.

Lastly, Plaintiffs request that the Court "order the City Defendants to preserve discoverable materials." Doc. 31 at 2. Plaintiffs point to no specific concerns and the Court declines to issue any order in the abstract, especially when a duty to preserve already exists. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) ("A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.").

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (Doc. 29) is GRANTED and all discovery as to all claims is stayed, with the exception of any discovery the presiding judge chooses to allow upon consideration of Plaintiffs' Rule 56(d) request.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**