IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVON BAY et. al. ,

    Plaintiffs,

v.                                                                               21-cv-00885-KWR-SCY

TIM KELLER et. al.,

    Defendants.

**DEFENDANTS TIM KELLER, SARITA NAIR, HAROLD MEDINA, ARTURO SANCHEZ, ALBERT SANDOVAL, KELSEY LUECKENHOFF, MICHAEL LUNA, ROBERT STOCKTON, JOSH ROGERS, ANA BRUCIAGA, HECTOR GUERRERO, ADAM GOLSON, LORI GRUBE, RANDALL KIMMINAU, SEAN ROTH, ARNIEL SAMPANG, TOMAS URIOSTE, AND THE CITY OF ALBUQUERQUE'S MOTION TO CONTINUE THE STAY OF DISCOVERY AND TO VACATE THE DEADLINES SET FORTH IN THE AMENDED INITIAL SCHEDULING ORDER [DOC. 58], AND MEMORANDUM IN SUPPORT**

**COME NOW,** Defendants Tim Keller, Sarita Nair, Harold Medina, Arturo Sanchez, Albert Sandoval, Kelsey Luekenhoff, Michael Luna, Robert Stockton, Josh Rogers, Ana Bruciaga, Hector Guerrero, Adam Golson, Lori Grube, Randall Kimminau, Sean Roth, Arniel Sampang, Tomas Urioste, and the City of Albuquerque (hereinafter "Defendants"), by and through their attorney, Deputy City Attorney Stephanie M. Griffin, and hereby submits their Motion to Continue to the Stay Discovery of Discovery and to Vacate the Deadlines Set Forth in the Amended Initial Scheduling Order [Doc. 58]. Plaintiffs oppose this Motion.

**BACKGROUND**

The individually named Defendants who have waived service in this litigation filed a Motion for Summary Judgment [Doc. 27] on February 1, 2022, pursuant to Fed. R. Civ. P. 56, requesting the dismissal of Plaintiffs' Amended Complaint. These individually named Defendants asserted the qualified immunity defense in this Motion. *See id*. On February 7, 2022,

these individually named Defendants and Defendant City of Albuquerque filed a Motion to Stay *all* discovery wherein it was argued that Defendants should not be unduly and unnecessarily burdened in responding to discovery until a final decision has been reached in regards to the qualified immunity issue raised in the Motion for Summary Judgment that was pending before this Court. [See Doc. 29]. On March 21, 2022, the Magistrate Judge issued an Order Granting the Motion to Stay wherein it said that all discovery as to all claims is stayed, with the exception of any discovery the presiding judge chooses to allow upon consideration of Plaintiffs' Rule 56(d) request. [See Doc. 40].

On November 1, 2022, the Court filed a Memorandum, Opinion, and Order wherein it granted the Motion for Summary Judgment filed on behalf of Defendants Tim Keller, Sarita Nair, Harold Medina, Arturo Sanchez, Albert Sandoval, Kelsey Luekenhoff, Michael Luna, Robert Stockton, Josh Rogers, Ana Bruciaga, Hector Guerrero, Adam Golson, Lori Grube, Randall Kimminau, Sean Roth, Arniel Sampang, and Tomas Urioste and thereby dismissed Counts I, II, and III with prejudice against these parties. [Doc. 57] The District Court also reserved ruling on the judgment of the state law claims asserted in Plaintiffs' Amended Complaint for which it has discretionary supplemental jurisdiction. *Id*. at pp. 50-51.

In light of the Court's ruling, Defendant City of Albuquerque filed a Motion to deem Moot and thereby dismiss Counts I, II, III, and IV to the Extent these Counts implicate or assert Claims of Liability against the City of Albuquerque, or in the Alternative grant Fed. R. Civ. 56 Judgment in Defendant City of Albuquerque's Favor on Counts I, II, III, and IV on November 10, 2022. [See Doc. 59] This pending Motion is dispositive of the remaining federal claim before this Court and the disposition of this Motion will likely affect whether the Court will continue to exercise supplemental jurisdiction over the state law claims. Therefore, Defendants

seek a continued stay of discovery since Defendant City of Albuquerque's pending Motion will likely dispose of the entire case.

## **LEGAL ARGUMENT**

Generally, factors a court may consider in deciding whether to stay discovery include: (1) whether there are pending motions that would dispose of the entire case, *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); (2) whether any undue burden that discovery would impose outweighs any prejudice a stay of discovery would cause, *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000); (3) whether the party opposing a stay needs particular discovery to respond to a dispositive motion, *Weldon v. Ramstad-Hvass*, 512 Fed.Appx. 783, 797 (10th Cir. 2013); and, (4) whether discoverable information may be lost during the pendency of the stay. *See Clinton v. Jones*, 520 U.S. 707-708 (1997). Also, the United States Supreme Court has made clear that a government official who has asserted an immunity defense, should not have to undergo discovery until a *final* ruling is reached on the immunity issue. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). These procedural protections are in place for the purpose of allowing a government official to avoid the unnecessary costs and burdens commonly associated with litigation. *See Harlow*, 457 U.S. at 814 ("[C]laims frequently run against the innocent as well as the guilty—at a cost not only to the defendant officials, but to society as a whole. These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office."); *Siegert,* 500 U.S. at 232 ("One of the purposes of immunity, absolute or qualified is to

spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.")

Although the District Court Judge granted the individually named Defendants' summary judgment motion on qualified immunity grounds, it did not issue a final judgment in accordance with Fed. R. Civ. P. 54 from which Plaintiffs may appeal. Defendant City of Albuquerque's pending Motion [Doc. 59] requests that the Court deem the derivative municipal liability claim asserted in Counts IV and Counts I, II, III, and IV of the Amended Complaint as moot or enter judgment in the City's favor and therefore dismiss these counts since the Court's finding of no commission of a constitutional violation is dispositive. As evidenced by the Adoption by Reference section of Defendant City's of Albuquerque's pending Motion [See Doc. 59 at p. 2], there was no additional evidence or information set forth that was not already contained in the briefing by the parties on the individual Defendants' summary judgment motion. The issues raised in the pending Motion concern only the constitutional issues already fully briefed by the parties and ruled upon by the Court. [See Doc. 59] The District Court Judge denied Plaintiffs' Fed. R. Civ. P. 56 (d) Motion in its Memorandum Opinion and Order, and accordingly Plaintiffs will not be prejudiced by a continued stay of discovery based upon the Court's rationale. In contrast, the individually named Defendants would be prejudiced if the stay is not continued since they could be subjected to undergo discovery in a case where the federal claims have been dismissed against them *with prejudice.* The City of Albuquerque would also be prejudiced since it would have to expend time and resources defending claims that are moot and where the Court's ruling that the City's employees did not commit a constitutional violation is dispositive. If the City's Motion is granted, then final judgment will likely be entered from which Plaintiffs will have 30 days to appeal. If such an appeal is filed, then the stay of discovery should still be

in place since the qualified immunity issue will not have reached *final* resolution until there is a ruling by the Tenth Circuit/Supreme Court affirming the District Court's ruling on this issue. Therefore, discovery in this case should continue to be stayed unless and until there is final resolution of the qualified immunity issues raised by the individually named defendants or until the Court has ruled upon Defendant City of Albuquerque's pending motion. Finally, since the deadlines set forth in the Amended Initial Scheduling Order concern conferring and setting case management deadlines, Defendants also request that these deadlines be vacated since the Court's ruling on the City' pending motion will likely be dispositive.

## CONCLUSION

**WHEREFORE,** based upon the foregoing arguments, points, and authorities, Defendants request that this Court grant their Motion to Continue to the Stay Discovery of Discovery and to Vacate the Deadlines Set Forth in the Amended Initial Scheduling Order [Doc. 58].Motion to Stay Discovery.

> Respectfully submitted,
>
> CITY OF ALBUQUERQUE
> OFFICE OF THE CITY ATTORNEY
>
> /s/ *Stephanie M. Griffin*
> Deputy City Attorney
> P.O. Box 2248
> Albuquerque, New Mexico 87102
> (505) 768-4500
> sgriffin@cabq.gov
>
> *Attorney for Defendants*

It is hereby certified that a true copy
of the foregoing pleading was served
via NEF to:

Paul J. Kennedy
Jessica M. Hernandez
Elizabeth A. Harrison
KENNEDY, HERNANDEZ & HARRISON, P.C.
201 Twelfth Street Northwest
Albuquerque, New Mexico 87102
Phone: (505) 842-8662
pkennedy@kennedyhernandez.com
jhernandez@kennedyhernandez.com
eharrison@kennedyhernandez.com

*Attorneys for the Plaintiffs*

on this 17th day of November, 2022

/s/ *Stephanie M. Griffin, Deputy City Attorney*